≡ EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**25-SCCV-100705**
Jeffrey Hanson
AUG 29, 2025 08:59 AM

Katie Hall Lippert, Clerk
State Court of Bibb County

**IN THE STATE COURT OF BIBB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| LANCE LITTLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No.:25-SCCV-100705 |
| SWIFT TRANSPORTATION CO. OF ) | |
| ARIZONA, LLC, SWIFT ) | |
| TRANSPORTATION SERVICES, LLC, ) | |
| ABC CORPORATION, and JOHN DOE, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT SWIFT TRANSPORTATION SERVICES, LLC'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
**AND MEMORANDUM IN SUPPORT**

COMES NOW, SWIFT TRANSPORTATION SERVICES, LLC, ("STS"), by and through its undersigned counsel, and pursuant to O.C.G.A. §9-11-12(b)(6), as amended on April 22, 2025, files its Motion to Dismiss for Failure to State a Claim against STS, and Memorandum in Support. In support, STS states that the Complaint should be dismissed on the following grounds:

1. The Federal Aviation Administration Authorization Act (FAAAA), 49 U.S.C. §14501(b), preempts Plaintiff's negligence claims as they relate to STS; and

2. As a mere broker, STS is not vicariously liable for the conduct of alleged in the Complaint, and there are no factual allegations of independent negligence as to STS.

I. **INTRODUCTION AND STATEMENT OF FACTS**

On February 1, 2024, Plaintiff was operating a commercial motor vehicle near the intersection of Gray Highway and Clinton Road in Bibb County, Georgia. (Compl. ¶ 13). According to Plaintiff, an unidentified "John Doe failed to obey a traffic signal, failed to yield the

right of way to Plaintiff, and struck Plaintiff's vehicle." (*Id.* at ¶ 15). Plaintiff further alleges that "Defendants owned or otherwise exercised control over the use of the commercial motor vehicle operated by Defendant JOHN DOE at the time of the subject crash." (*Id.* at ¶ 24)(emphasis in original). Moreover, Plaintiff alleges that "Defendants employed or otherwise exercised control over Defendant JOHN DOE via *respondeat superior* at the time of the subject crash." (*Id.* at ¶ 25). Absent these allegations, the Complaint is silent with respect to any relationship between "John Doe" and STS. Indeed, according to the Federal Motor Carrier Safety Administration's public website, STS is only authorized to operate as a broker, not as a motor carrier and, therefore, has no authority to have anyone drive a commercial motor vehicle for hire on its behalf:



(STS Answer at ¶¶ 14 and 25, and Ex. 1 therein, ; *see also* SAFER Web - Company Snapshot SWIFT TRANSPORTATION SERVICES LLC; safer.fmcsa.dot.gov/query.asp?searchtype= ANY&query_type=queryCarrierSnapshot&query_param=USDOT&original_query_param= NAME&query_string=2537157&original_query_string=SWIFT%20TRANSPORTATION%20 SERVICES%20LLC  (last accessed Aug. 28, 2025)).

 As a broker, STS has no drivers and has no power units/commercial motor vehicles for CDL-drivers to operate. (STS Answer at ¶14).

## II. ARGUMENT AND CITATION TO AUTHORITY

### A. Motion to Dismiss Standard: O.C.G.A. 9-11-12(b)(6)

Georgia courts grant motions to dismiss for failure to state a claim when (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. *Parnell v. Sherman & Hemstreet, Inc.*, 364 Ga. App. 205, 213–14 (2022). Motions to dismiss for failure to state a claim turn on the allegations of the complaint. *Ga. Appreciation Prop. v. Enclave at Riverwalk Townhome Ass'n*, 345 Ga. App. 413, 414 (2018). When considering a motion to dismiss for failure to state a claim, a trial court may consider exhibits attached to and incorporated into the complaint and answer. *Petree v. Dep't of Transportation*, 340 Ga. App. 694 (2017)("In ruling on … motion to dismiss [] complaint… the trial court was precluded from considering anything but the answer, the complaint, and documents attached to either the answer or the complaint and explicitly incorporated therein by reference); *Minnifield v. Page 5 of 17 Wells Fargo Bank, N.A.*, 331 Ga. App. 512 (2015). Moreover, though the trial court must accept the well-pled factual allegations at this stage, it has no obligation to adopt a party's legal conclusions. *Parnell*, 364 Ga. App. at 213–14.

### B. State negligence claims asserted against STS are preempted by the FAAAA, even if STS was acting under its broker authority with respect to the instant accident.

Congress enacted the FAAAA in 1994, as part of a greater push to deregulate the trucking industry. *Dan's City Used Cars, Inc. v. Pelkey*, 569 U.S. 251, 256 (2013); *Ye v. GlobalTranz Enterprises, Inc.*, 74 F.4th 453, 457 (7th Cir. 2023). In doing so, Congress included several provisions in the FAAAA "expressly preempting" state trucking regulation. *Pelkey*, 569 U.S. at 256; see also *Ye*, 74 F.4th at 457 (because the FAAAA "states explicitly what states may and may not do with respect to motor carriers and brokers," the issue before the court was one of "express

3

preemption.") Relevant to this case, the FAAAA provides that no state or intrastate agency:

> shall enact or enforce any law, rule, regulation, standard, or other provision having the force and effect of law relating to intrastate rates, [] routes, or [] services of any …broker.

49 U.S.C. § 14501(b)(1).

Moreover, § 14501(c)(1) provides as follows:

> [A] State, political subdivision of a State, or political authority of 2 or more States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier (other than a carrier affiliated with a direct air carrier covered by section 41713(b)(4)) or any motor private carrier, broker, or freight forwarder with respect to the transportation of property.

49 U.S.C. § 14501(c)(1).

Pretermitting whether STS was even acting under its brokerage authority with respect to the accident at issue, any such claims against freight brokers, like STS, are preempted under the FAAAA's express prohibition in § 14501(b)(1), and no exceptions apply to save the claim from preemption. *See Ye*, 74 F.4th at 457; *Gauthier v. Hard to Stop LLC*, No. 22-10774, 2024 WL 3338944 (11th Cir. July 9, 2024)(finding negligence claims were "related to" broker services but no exception applied to preclude application of preemption provisions within the FAAAA).

Since *Ye* and *Gauthier*, numerous district courts have dismissed state law negligence claims against brokers as preempted by the FAAAA. *See, e.g., Patterson, et al. v. Hunt Perfection, LLC, et al.*, 2025 WL 565024 (S.D. Tex. Feb. 20, 2025); *Pinder v. Lancer Insurance Company, et al.*, 2024 WL 4335913 (M.D. Ga. Sept. 27, 2024). Thus, personal injury claims against brokers for state law negligence fall within § 14501's express prohibition on the enforcement of state laws "related to a … service of any … broker … with respect to the transportation of property." 49 U.S.C. § 14501(c)(1). In the instant case, STS falls within the application of the FAAAA's preemption provision and the Complaint against it must be dismissed.

4

### C. There is no imputable or direct negligence alleged against STS.

Georgia law states that "[f]or the negligence of one person to be properly imputable to another, the one to whom it is imputed must stand in such a relation or privity to the negligent person as to create the relation of principal and agent." O.C.G.A. § 51-2-1(a). Negligence is not generally imputed when the action is committed by an independent contractor who is "not subject to the immediate direction and control of the employer." *Pinder v. Lancer Ins. Co.*, No. 7:23-CV-53 (LAG), 2024 WL 4335913, at *2 (M.D. Ga. Sept. 27, 2024). In the instant case, STS has no control over any commercial motor vehicle drivers. (STS Answer at ¶¶ 14, 24, 25).

But merely alleging, as Plaintiff does, that "Defendants owned or otherwise exercised control over the use of the commercial motor vehicle operated by Defendant JOHN DOE at the time of the subject crash." (Compl.. at ¶ 24) and that "Defendants employed or otherwise exercised control over Defendant JOHN DOE via *respondeat superior* at the time of the subject crash" (*Id.* at ¶ 25), is insufficient to create a "well-pled factual allegation" the Court can consider. These allegations do not support the legal conclusion inferred by them that STS is in any way accountable for the actions of this unknown driver. Nor must this Court adopt the legal conclusions made by Plaintiff. *Parnell*, 364 Ga. App. at 213–14. Yet even if the allegations are tantamount to a "well-pled factual allegation" (*Id.*), it is insufficient to overcome a motion to dismiss because Georgia law does not recognize vicarious liability between a broker and the driver of a truck who is either an employee or independent contractor of an unrelated motor carrier/co-defendant. *See, e.g., Stubbs Oil Co., Inc. v. Price*, 357 Ga. App. 606 (2020)(finding fuel reseller that hired third-party motor carrier to transport its fuel products to retail customers in carrier's own fuel tanker truck was acting as a shipper, not a motor carrier, and thus Federal Motor Carrier Safety Regulations (FMCSRs) did not apply, such that reseller could not be held vicariously liable under FMCSRs as

5

statutory employer of truck driver and carrier); *McLaine v. McLeod*, 291 Ga. App. 335, 340-41 (2008) (holding broker not liable for negligence of motor carrier and its employee driver because evidence showed broker exercised no control over carrier and driver).

## II.   CONCLUSION

For the foregoing reasons, Defendant STS respectfully requests this Court grant its Motion to Dismiss.

Respectfully submitted this  29th  day of August, 2025.

BOUHAN FALLIGANT LLP

*/s/ Dennis B. Keene, Esq.*

_____

Dennis B. Keene
Georgia Bar No. 410801
Gregory L. Finch
Georgia Bar No. 967160
Gary J. McGinty
Georgia Bar No. 602353

*Attorneys for Defendant
Swift Transportation Services, LLC*

Post Office Box 2139
Savannah, Georgia 31402
T: (912) 232-9700
F: (912) 233-0811
Email: dkeene@bouhan.com
           gmcginty@bouhan.com
           glfinch@bouhan.com

6

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of ***Defendant Swift Transportation Services, LLC's Motion to Dismiss Plaintiff's Complaint*** upon all parties in this matter by this Court's electronic filing system, as follows:

Blake Swan
Keller Swan, PLLC
1917 Bull Street
Savannah, GA 31401
jwade@forthepeople.com

This  29th  day of August, 2025.

BOUHAN FALLIGANT LLP

*/s/  Dennis B. Keene, Esq.*
_____
Dennis B. Keene
Georgia Bar No. 410801
Gregory L. Finch
Georgia Bar No. 967160
Gary J. McGinty
Georgia Bar No. 602353
*Attorneys for Defendant*
*Swift Transportation Services, LLC*

Post Office Box 2139
Savannah, Georgia 31402
T: (912) 232-9700
F: (912) 233-0811
Email: dkeene@bouhan.com
   glfinch@bouhan.com
   gmcginty@bouhan.com